FILED
C2021-1417C
8/31/2021 3:28 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Marycruz Meza

CAUSE NO. C2021-1417C _____

| | | |
|---|---|---|
| SHARON ALEXANDER | § | IN THE DISTRICT COURT |
| *Plaintiff* | § § § § § | |
| vs. | § § | \_\_\_ JUDICIAL DISTRICT |
| EDWARD NEIHORSTER AND KNIGHT TRANSPORTATION | § § § | |
| *Defendants.* | § | COMAL COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sharon Alexander, hereinafter referred to by name or as Plaintiff, and complains of Edward Neihorster, and Knight Transportation, hereinafter referred to by name or collectively as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II.

### PARTIES

2. Plaintiff, Sharon Alexander, is an individual residing in Comal County, Texas.

3. Defendant Edward Neihorster is an individual residing in Youngstown, OH and he may be served at 122 Onetta Ave Youngstown, OH 44509 or wherever he may be found.

4. Defendant Knight Transportation, is a for profit Corporation doing business in the State of Texas and may be served by serving its registered agent, located at 3875 Plainfield Rd

Copy from re:SearchTX

Indianapolis, Indiana 46231, or wherever it may be found.

### III.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over the events giving rise to the claim occurred in Comal County and the amounts sought herein are within the jurisdictional limits of this Court

6. Venue is proper before this Court pursuant to Tex. Civ. Prac. & Remedies Code §15.002(a)(1), as all or a substantial part of the events giving rise to the claim occurred in Comal County, Texas.

### IV.

### FACTS

7. On or about November 19, 2020, Plaintiff, Sharon Alexander was operating her 2020 Nissan Sentra, and traveling NW bound in the 100 block of Kohlenberg Lane when Defendant Edward Neihorster, operating a 2019 International Tractor-Trailer owned by Defendant Knight Transportation and being driven by Defendant Edward Neihorster while he was within the course and scope of his employment with the Defendant Knight Transportation, and traveling SE bound in the 100 block of Kohlenberg Lane, made an unprotected left turn onto the Kohlengerg Lane turnaround and failed to yield to through traffic and collided into the Plaintiff's vehicle suddenly, violently and without warning, and causing Plaintiff to suffer injuries and damages.

### V.

### CAUSES OF ACTION

8. The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages were proximately caused by the negligent conduct of Defendants. Defendant Edward Neihorster operated the vehicle being driven in a negligent manner because he

Copy from re:SearchTX

violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects, including but not limited to:

    a.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c.    in failing to turn the vehicle in an effort to avoid the collision in question; and

    d.    in failing to control speed.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court, and for which she now sues.

9. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

10. Defendant, Knight Transportation, is responsible to Plaintiff in damages for each and every negligent act(s) and/or omission(s) of Defendant Edward Neihorster under the doctrine of respondent superior, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law in that Defendant Edward Neihorster was operating the vehicle in the course and scope of his employment with Knight Transportation and in furtherance of its business. This Defendant was also negligent in one or more of the following respects:

    a.    negligent hiring and supervision;

    b.    negligent entrustment;

    c.    negligent training and supervision; and

    d.    negligent retention.

  e.  distraction of its driver due to the need to view their computer application,

11. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered serious bodily injuries.

## VI.
## GROSS NEGLIGENCE

12. Defendants Edward Neihorster and Knight Transportation negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants Edward Neihorster and Knight Transportation's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to drivers that share the road, such as Plaintiff. Defendants Edward Neihorster and Knight Transportation's had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

## VII.
## EXEMPLARY DAMAGES

13. The above-referenced acts and/or omissions by Defendants Edward Neihorster and Knight Transportation constitute gross negligence as the term is defined by Section 41.001(11).

14. The Defendants' acts or omissions described above, when viewed objectively from the standpoint of Defendant Edward Neihorster and Knight Transportation at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

15. Defendants Edward Neihorster and Knight Transportation had actual, subjective awareness of the risk involved in the above-described acts and omissions, but nevertheless

proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

16.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in questions and the resulting injuries and damage sustained by Plaintiff.

17.     Therefore, based upon the gross negligence of Defendants Edward Neihorster and Knight Transportation, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VIII.

## CAUSATION AND DAMAGES

18.     Each of the acts and omissions described above, taken singularly or in any combination, constitutes negligence and gross negligence which proximately caused the collision, injuries and damages as specifically set forth herein, all of which Sharon Alexander suffered.

19.     As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe bodily injuries to her neck, back, and other parts of her body generally. Her entire body was bruised, battered, and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to generally deteriorate, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, the Plaintiff suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

PLAINTIFF'S ORIGINAL PETITION

EXHIBIT A

PAGE 5

Copy from re:SearchTX

20. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Sharon Alexander, incurred the following damages:

   a. Medical care and expenses incurred in the past;
   b. Medical care and expenses that will in all reasonable probability be incurred in the future;
   c. Physical pain and suffering sustained in the past;
   d. Physical pain and suffering that will in all reasonable probability be sustained in the future;
   e. Physical impairment and disability in the past;
   f. Physical impairment and disability that will in all reasonable probability will be sustained in the future;
   g. Loss of wages in the past;
   h. Loss of past and future earning capacity;
   i. Mental anguish in the past;
   j. Mental anguish that will in all reasonable probability be suffered in the future;
   k. Physical disfigurement in the past; and
   l. Physical disfigurement that will in all reasonable probability be suffered in the future.

21. Plaintiff further requests both pre-judgment and post-judgment interest on all his/her damages as allowed by law.

22. Plaintiff seeks monetary relief over $1,000,000 and demands a judgement for all other relief to which she is justly entitled.

PAGE 6

PLAINTIFF'S ORIGINAL PETITION            EXHIBIT A

Copy from re:SearchTX

23.     Pursuant to Tex.R.Civ.P. 193.7, Plaintiff gives notice of intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party.

24. Plaintiff hereby demand a jury trial in this matter and is paying the applicable jury fee.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and on final trial thereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of earnings; and
12. Loss of earning capacity;
13. Pre judgment interest;

PAGE 7

PLAINTIFF'S ORIGINAL PETITION

EXHIBIT A

Copy from re:SearchTX

14. Post judgment interest;

15. Exemplary damages;

Respectfully Submitted,

**THOMAS J. HENRY LAW, PLLC**
P.O. Box 696025
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78269
Tel. (210) 656-1000
Fax. (877) 513-1359

By: _/s/ Alan Dale Hicks_
Alan Dale Hicks
State Bar No. 09575430
dhicks-svc@thomasjhenrylaw.com*
**ATTORNEY FOR PLAINTIFF**
*Service by email to this email address only.

PAGE 8

PLAINTIFF'S ORIGINAL PETITION            EXHIBIT A

Copy from re:SearchTX

FILED
C2021-1417C
2/3/2022 9:39 AM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Nubia Salas

## CAUSE NO. C2021-1417C

| | | |
|---|---|---|
| SHARON ALEXANDER | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 274TH JUDICIAL DISTRICT |
| | § | |
| EDWARD NEIHORSTER and | § | |
| KNIGHT TRANSPORTATION | § | COMAL COUNTY, TEXAS |

### DEFENDANT, KNIGHT TRANSPORTATION'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Defendant, **KNIGHT TRANSPORTATION,** in the above-styled and numbered cause, files its Original Answer to Plaintiff's Original Petition, and would show the Court as follows:

I.

Defendant, **KNIGHT TRANSPORTATION,** denies generally the allegations contained in Plaintiff's Original Petition, and hereby ask for a trial of the issues before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **KNIGHT TRANSPORTATION**, prays that upon final trial, Plaintiff takes nothing, and for such other and further relief, both general or specific, to which they may be entitled.

Respectfully submitted,

*/s/ Larry D. Warren*
LARRY D. WARREN
State Bar No. 20888450
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6350
Facsimile: (210) 785-2950
lwarren@namanhowell.com
**ATTORNEYS FOR DEFENDANT,
KNIGHT TRANSPORTATION**

EXHIBIT A

## CERTIFICATE OF SERVICE

      I hereby certify that on the **3rd** day of **January 2022**, the foregoing was filed with the Clerk of Court using the CM/ECF system, and was served on counsel via **E-Filing Notification System:**

Alan Dale Hicks
State Bar No. 09575430
THOMAS J. HENRY LAW, PLLC
P.O. Box 696025
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78269
Telephone: (210) 656-1000
Facsimile: (210) 513-1359
dhicks-svc@thomasjhenrylaw.com
**ATTORNEY FOR PLAINTIFF**

                                                               /s/ *Larry D. Warren*
                                                            LARRY D. WARREN

EXHIBIT A

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Larry Warren on behalf of Larry Warren
Bar No. 20888450
lwarren@nhsl.com
Envelope ID: 61417766
Status as of 2/7/2022 3:42 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alan DaleHicks | | dhicks-svc@thomasjhenrylaw.com | 2/3/2022 9:39:45 AM | SENT |

EXHIBIT A